IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AARON TEKEO PRATT | : | |
| | : | |
| v. | : | CIVIL NO. CCB-14-316 |
| | : | Criminal No. CCB-11-0578 |
| UNITED STATES OF AMERICA | : | |

...o0o...

## **MEMORANDUM**

Federal prison inmate Aaron Tekeo Pratt filed a timely motion to vacate under 28 U.S.C. § 2255 alleging ineffective assistance of appointed counsel, an Assistant Federal Public Defender ("AFPD"). The motion, which has been fully briefed, will be denied for the reasons stated below.

Pratt was indicted together with Deontaye Harvey and Reginald Dargan on various charges arising from the armed robbery of a jewelry store in Columbia, Maryland. Specifically, Pratt was charged with conspiracy (Counts One and Two); Hobbs Act robbery, 18 U.S.C. § 1951(a) (Count Five); and brandishing a firearm in furtherance of a crime of violence, 18 U.S.C. 924(c) (Count Six). On April 19, 2012, he entered a guilty plea to Count Five, and on August 22, 2012, he was sentenced to 87 months in the custody of the Bureau of Prisons. All other counts were dismissed. Pratt's direct appeal was dismissed voluntarily, and this motion followed.

As Pratt's claim of ineffective assistance relates to the calculation of his advisory guideline range, that issue will now be reviewed. At his Rule 11 proceeding, Pratt admitted under oath to a statement of facts that included his knowing participation in the robbery, including brandishing a firearm at employees, instructing them to be still, and then threatening to "blow a hole" in one employee who began to move toward the silent alarm. (ECF No. 171,

Gov't Opp. Ex. 2, Tr. 4/19/12 at 12-13). As discussed during the Rule 11 proceeding, based on the factual stipulation, the parties agreed to a base offense level of 20, increased by 6 because a firearm was used, increased between 1 and 3 levels depending on the amount of loss, and increased by another 3 levels because of other dismissed conduct relating to the offense. (*Id.* at 14-15). Pratt, who read and understood the agreement, had no questions at the conclusion of the rearraignment. (*Id.* at 10-11, 20). As more fully explained at the sentencing hearing, these enhancements under U.S.S.G. § 2B3.1(b)(2)(B) and U.S.S.G. § 5K2.21 were agreed to in exchange for dismissal of the 18 U.S.C. § 924(c) count, which would have required a mandatory consecutive 84-month sentence on Count Six and would have resulted in a higher guideline range. (Gov't Opp. Ex. 3, Tr. 8/22/12 at 3-4). After agreeing with the government that the amount of the loss was greater than $250,000, (*id.* at 14-15), the court agreed with defense counsel that the Criminal History category II in the presentence report should be recalculated to category I, (*id.* at 18-20). The final advisory guideline range was 87-108 months, and Pratt was sentenced to 87 months.[1]

Pratt apparently claims his counsel was ineffective for agreeing to both guideline enhancements. The record reflects that the AFPD negotiated with the government for a somewhat more favorable plea, but was not able to obtain that agreement. (*Id*., Ex. 4, email). Nonetheless she avoided the necessity of her client pleading to the mandatory consecutive seven-year count. The agreement was thoroughly explained to Pratt, and he admitted to the underlying conduct that resulted in the enhancements. Further, because there is no dispute of fact on the record requiring a credibility determination, there is no need for an affidavit from the AFPD or an evidentiary hearing as Pratt requests in his reply.

---

[1] Of course, the advisory guideline range was only one of the factors this court considered in determining the 87 months was sufficient but not greater than necessary. *See* 18 U.S.C. § 3553.

Neither deficient performance nor prejudice has been shown by Pratt.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Accordingly, the motion to vacate under 28 U.S.C. § 2255 will be denied.  A certificate of appealability will not issue.

A separate Order follows.


<u>January 27, 2015</u>                                                  <u>            /S/                                      </u>
Date                                                                          Catherine C. Blake
                                                                                   United States District Judge